UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Rodriguez,<br><br>    Plaintiff,<br><br>    v.<br><br>The Boeing Company and Does 1 to 10, inclusive,<br><br>    Defendants. | CV 14-04265-RSWL (AGRx)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND TO THE LOS ANGELES SUPERIOR COURT** [11] |

   Currently before the Court is Plaintiff Jesus Rodriguez's ("Plaintiff") Motion to Remand to the Los Angeles Superior Court [11].  The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

   The Court **GRANTS** Plaintiff's Motion.

                        **I. BACKGROUND**

**A.   Factual Background**

   Plaintiff, a sixty-three year old Hispanic male, began working for Defendant The Boeing Company

                                1

("Defendant") as a manufacturing engineer for an independent contractor in Seattle in 1996. Compl. ¶ 3. In 2001, he was hired as an employee for Defendant, and in 2005, he advanced to a Degreed Engineer, Level 2. Id. In 2008, Plaintiff was promoted to Manufacturing Engineer, Level 3. Id. In November 2010, Plaintiff was transferred to Defendant's Long Beach, California location and was promoted to Manufacturing Engineer, Level 4. Id. at ¶ 4.

During the first months of 2013, Defendant announced that there would be a reduction in force later that year that would impact its workforce in Long Beach. Id. at ¶ 6. On August 22, 2013, Defendant provided Plaintiff with a "60 Day Advance Notification of Layoff." Id. at ¶ 7. Defendant terminated Plaintiff on October 25, 2013. Id. at ¶ 13. Plaintiff claims that he was terminated in part because of his age and his ethnicity, as Defendant retained substantially younger, less qualified employees or others who were of Asian ethnicities. Id. at ¶¶ 8, 15. Plaintiff also asserts that his supervisor fraudulently reduced his performance ratings in order to justify terminating him. Id. at ¶ 17. In addition, Plaintiff asserts that Defendant's reduction in force was a sham and was used as a pretext for terminating him. Id.

**B.   Procedural Background**

Plaintiff filed his Complaint on February 18, 2014, in the Los Angeles Superior Court. Id. at ¶ 26. In

his Complaint, Plaintiff asserts claims against Defendant for: (1) age discrimination under California's Fair Employment and Housing Act ("FEHA") [Cal. Gov't Code § 12940]; (2) race discrimination under the FEHA; and (3) wrongful discharge in violation of public policy. Id. at ¶¶ 10-22. Plaintiff's Complaint includes, *inter alia*, a prayer for relief for: (a) all compensatory damages, including but not limited to back-pay, front pay, and damages for emotional pain and suffering; (b) punitive damages; (c) attorney's fees and costs; and (d) pre- and post-judgment interest. Id. at ¶ 26.

   Defendant filed its Answer to Plaintiff's Complaint in Los Angeles Superior Court on March 27, 2014. Notice of Removal, Ex. B at 1. Defendant sent Requests for Production of Documents, Form Interrogatories, and a Notice of Deposition concurrently with its Answer. Ames Decl. ¶ 3. Plaintiff served Defendant with Plaintiff's Special Interrogatories, Requests for Production of Documents, and Form Interrogatories on April 22, 2014. Ames Decl. ¶ 4, Exs. 1-3. Several exhibits were attached to the Special Interrogatories and Requests for Production of Documents, including a document with Defendant's logo, which indicates Defendant's estimate of Plaintiff's "Total Compensation Value" for year-end 2013 as $135,000. Id., Ex. 1 at 12. Plaintiff's discovery requested numerous responses based on this compensation value. See, e.g. id., Ex. 1

1 at 2.

2    Plaintiff responded to Defendant's Form
3 Interrogatories on May 13, 2014.  Notice of Removal,
4 Boggess Decl. ¶ 3, Ex. D.  In response to Defendant's
5 request for both the total amount of income, benefits,
6 or earning capacity Plaintiff lost and how the amount
7 was calculated, Plaintiff provided a mathematical
8 computation of damages based on Plaintiff's $135,000
9 annual compensation.  Id., Ex. D at 2.  Plaintiff
10 stated that he is seeking $78,750 in back-pay and
11 $1,350,000 in future pay.  Id.

12    On June 3, 2014, Defendant removed to this Court
13 [1].  Defendant states that Plaintiff made it clear for
14 the first time in his discovery responses filed on May
15 15, 2014, that the amount in controversy exceeds
16 $75,000.  Notice of Removal ¶ 13.  Plaintiff filed the
17 present Motion to Remand the case to Los Angeles
18 Superior Court on June 18, 2014 [11].  Defendant filed
19 its Opposition on June 25, 2014 [14].  Plaintiff filed
20 his Reply on July 2, 2014 [15].  This matter was set
21 for hearing on July 16, 2014 and was taken under
22 submission on July 10, 2014 [17].

23                    **II.   LEGAL STANDARD**

24    Removal to federal court is governed by 28 U.S.C. §
25 1441, which in relevant part states that "any civil
26 action brought in a State court of which the district
27 courts of the United States have original jurisdiction,
28 may be removed by the defendant or defendants."

1  Original jurisdiction may be based on diversity or the
2  existence of a federal question, as set forth in 28
3  U.S.C. §§ 1331 and 1332.  District courts have
4  diversity jurisdiction over all civil actions between
5  citizens of different states where the amount in
6  controversy exceeds $75,000, exclusive of interest and
7  costs.  28 U.S.C. § 1332.
8      Section 1446(b) governs the timing of removal.  If
9  the case stated by the initial pleading is "removable
10 on its face," then a defendant has thirty days from
11 receipt of the pleading to remove the case.  <u>Carvalho</u>
12 <u>v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 885 (9th
13 Cir. 2010) (quoting <u>Harris v. Bankers Life & Cas. Co.</u>,
14 425 F.3d 689, 694 (9th Cir. 2005)).  If, however, no
15 basis for removal is apparent in that pleading, the
16 requisite thirty-day removal period does not begin
17 until the defendant receives "a copy of an amended
18 pleading, motion, order or other paper" from which
19 removability may first be ascertained.  28 U.S.C. §
20 1446(b).
21     The Court may remand a case to state court for lack
22 of subject matter jurisdiction or defects in removal
23 procedure.  28 U.S.C. § 1447(c).  The party seeking
24 removal bears the burden of establishing federal
25 jurisdiction.  <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d
26 1389, 1393 (9th Cir. 1988).  If at any time before
27 final judgment it appears that the district court lacks
28 subject matter jurisdiction over a case that has been

removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The removal statute is construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (stating that removal statutes should be construed narrowly in favor of remand to protect jurisdiction of state courts).

### III. ANALYSIS

In his Motion, Plaintiff asserts that Defendant failed to timely remove this Action under the two thirty-day windows mandated under 28 U.S.C. §§ 1446(b)(1) and (3). Mot. 12:5-6. The Parties do not dispute the existence of diversity, but instead when it became clear that the amount in controversy exceeded $75,000. Plaintiff argues that the amount in controversy was made apparent from the Complaint, which triggered the thirty-day period on February 18, 2014. Id. at 14:6-11. Alternatively, Plaintiff asserts that the thirty-day removal period began on April 22, 2014 when Plaintiff served Defendant with his discovery requests. Id. at 19:14-18. Defendant, on the other hand, argues that its Removal on June 3, 2014 was timely under 28 U.S.C. § 1446(b)(3) because it filed its Notice of Removal within thirty days of May 14, 2014, when Plaintiff filed his discovery responses and when Defendant was first made aware that the amount in

controversy exceeded $75,000.  Reply 1:5-7.

**A.  Evidentiary Objections**

As a preliminary matter, the Court notes that Plaintiff filed evidentiary objections to the declaration of Daniel Fears.  <u>See</u> Dkt. # 15-1.  However, as the Court did not rely on said evidence in reaching its conclusions, the Court **OVERRULES** those objections **as moot.**

**B.  Defendant's Removal Was Untimely Under 28 U.S.C. § 1446(b)(1)**

The Court **GRANTS** Plaintiff's Motion to Remand because Defendant failed to timely remove this Action within the first thirty-day window mandated under 28 U.S.C. § 1446(b)(1).  As discussed more fully below, Plaintiff's Complaint, along with the types of damages Plaintiff is seeking here, made it facially apparent that the amount in controversy exceeds the jurisdictional minimum amount of $75,000.

A defendant has the burden of establishing federal jurisdiction.  <u>Cal. ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004) (citing <u>Ethridge</u>, 861 F.2d at 1393).  Where a complaint does not demand a dollar amount, the removing defendant bears the burden of providing by a preponderance of evidence that the amount in controversy exceeds $75,000.  <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005) (citing <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997)).  Any doubt concerning removal

1 jurisdiction is construed against the removing party.
2 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

3   In order to remove a case to federal court, a defendant must file a notice of removal within one of two thirty-day periods established under 28 U.S.C. § 1446(b). Harris, 425 F.3d at 694. The first thirty-day removal period begins after a defendant has received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or "within thirty days after the service of summons upon the defendant if such initial pleading has [] been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). If the notice of removal is untimely, a plaintiff may move to remand the case back to state court. 28 U.S.C. § 1447(c).

17   The first limitations period for removing a case commences only if the case stated by the initial pleadings reveals on its face a basis for removal. Harris, 425 F.3d at 695; see also Riggs v. Cont. Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) ("The elements of removability must be specifically indicated in official papers before the statutory period begins to run"). Thus, in order to qualify for diversity jurisdiction, the pleadings must indicate that the parties to the case are citizens of different states and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

A pleading need not identify a specific amount in controversy in order to trigger the thirty-day removal period under 28 U.S.C. § 1446(b)(1). Kroske, 432 F.3d at 980. The time for removal commences when a defendant is able to "intelligently ascertain" that a plaintiff's claim exceeds $75,000. Jellinek v. Advance Prods. & Sys., Inc., No. 10cv1226 JM(WMC), 2010 WL 3385998, at *1 (S.D. Cal. Aug. 24, 2010). Thus, so long as the initial pleading enables the defendant to intelligently ascertain removability, the case is removable, and the thirty-day period begins at the time the defendant receives the complaint. Mendoza v. Am. Airlines, No. CV 10-7617 RSWL (JCx), 2010 WL 5376375, at *2 (C.D. Cal. Dec. 22, 2010) (citing Huffman v. Saul Holdings Ltd., 194 F.3d 1072, 1078-79 (10th Cir. 1999). The calculation of the amount in controversy takes into account claims for general damages, special damages, punitive damages, and attorney's fees recoverable by statute or contract. Rippee v. Bos. Mkt. Corp., 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005).

In Mendoza, the court held that the removal period commenced on the date the defendants were served with the complaint even though the complaint did not allege a specific amount in controversy. Mendoza, 2010 WL 5376375, at *3. The court in Mendoza reasoned that it was sufficient that the complaint alleged that the plaintiff was seeking damages from lost income, lost benefits, ongoing emotional and mental distress,

9

punitive damages, and attorney's fees. Id. Similarly, in Jellinek, a defendant's notice of removal was found untimely under 28 U.S.C. § 1446(b)(1) because a plaintiff's complaint made it clear that, in light of litigation realities, the amount in controversy exceeded $75,000. Jellinek, 2010 WL 3385998, at *2. In Jellinek, the plaintiff's assertions in the complaint for wrongful termination damages, compensatory damages, punitive damages, and attorney's fees were enough for the defendant to intelligently ascertain that the amount in controversy exceeded $75,000 and thus, triggered the thirty-day period. Id.

On balance, the Court finds that the prerequisites for diversity jurisdiction were satisfied as of February 18, 2014, when the Complaint was served, and accordingly, the thirty-day period of removal jurisdiction commenced on that date. The allegations in Plaintiff's Complaint, along with the types of damages Plaintiff is seeking here, made it facially apparent that the amount in controversy exceeds the jurisdictional minimum of $75,000. Plaintiff states in his Complaint that he sought to recover: (a) all compensatory damages including: back-pay, front pay, and damages for emotional pain and suffering; (b) punitive damages; and (c) attorney's fees. Compl. ¶ 9. While Plaintiff did not provide a specific jurisdictional amount, the facts alleged in the Complaint should have indicated to Defendant that the

10

amount in controversy exceeded $75,000.  See Mendoza, 2010 WL 5376375, at *3.

Defendant asserts that grounds for removal was not evident from the Complaint because Plaintiff failed to plead a specific sum of lost damages, punitive damages, and attorney's fees.  Opp'n 11:8-14.  However, a pleading need not identify a specific amount in controversy in order to trigger the thirty-day removal period.  Kroske, 432 F.3d at 980.  The present case is analogous to Mendoza, in which it was sufficient that a plaintiff stated in his complaint that he sought lost income, lost benefits, ongoing emotional and mental distress, punitive damages and attorney's fees, because it was clear that the damages would exceed the jurisdictional amount.  Mendoza, 2010 WL 5376375, at *3.  In light of litigation realities, in a case in which a long-term employee, such as Plaintiff, seeks lost income, damages for emotional pain and suffering, punitive damages, and attorney's fees, the amount in controversy is likely to exceed $75,000.

In fact, Plaintiff's initial pleadings make it facially apparent that back-pay damages alone would come close to the jurisdictional minimum.  Plaintiff pleads that he was an employee for Defendant for over ten years and worked as a Manufacturing Engineer Level 4.  Compl. ¶ 3.  Although Plaintiff did not plead his specific salary, as a long-time employer of Plaintiff and aware of Plaintiff's position, Defendant should

have known the approximate amount Plaintiff made each year.  In addition, Plaintiff pleads that he was terminated on October 25, 2013.  <u>Id.</u> at ¶ 4.  Similar to <u>Jellinek</u>, in which it was facially apparent from the Complaint in a wrongful termination suit that the jurisdictional amount exceeded $75,000 because the plaintiff sought compensatory damages, punitive damages, and attorney's fees, it should have been clear to Defendant that, with Plaintiff's former employment position and the amount of time it would take to reach final judgment, back-pay damages would come close to $75,000.

While Defendant approximates Plaintiff's lost income in its Opposition, Defendant makes the mistake of estimating that Plaintiff's back-pay damages only consist of the four month period between his termination and when he filed the Complaint.  Opp. 12:18-21.  An award of back-pay is determined from the time of the unlawful adverse action until the date of judgment.  Cal. Gov't Code § 12940.  Nine months have already elapsed since Plaintiff was terminated on October 25, 2013.  Compl. ¶ 4.  Defendant should have been aware that it would take longer than four months to reach post-judgment and should have been able to ascertain with a "reasonable amount of intelligence" that back-pay alone would come close to the jurisdictional minimum of $75,000.  <u>Kuxhausen v. BMW Fin. Servs. NA LLC</u>, 707 F.3d 1136, 1140 (9th Cir.

1  2013).
2      In its defense, Defendant asserts that it could not
3  calculate back-pay or front pay because it did not know
4  whether Plaintiff mitigated his loss by finding new
5  employment and only assumed Plaintiff did so by the
6  time the Complaint was filed.  Opp'n 11:12-13.
7  However, the Complaint does not indicate that Plaintiff
8  was able to find alternative employment.  A defendant
9  employer must affirmatively prove that a plaintiff
10 employee found comparable employment to the employee's
11 former position.  <u>Villacorta v. Cemex Cement, Inc.</u>, 221
12 Cal. App. 4th 1425, 1432 (2013).  Because Defendant
13 offers no evidence that Plaintiff was able to obtain
14 similar employment, Defendant has no grounds to assert
15 that the amount of back-pay was limited to four months
16 from receiving the Complaint.
17     Furthermore, even if Plaintiff only lost $30,000 in
18 back-pay as Defendant alleges in its Opposition,
19 Plaintiff's claims for punitive damages, attorney's
20 fees, damages for emotional pain and suffering, and
21 front pay would likely put the jurisdictional amount
22 over $75,000.  A calculation of the amount in
23 controversy takes into account claims for general
24 damages, special damages, punitive damages, and
25 attorney's fees recoverable by statute or contract.
26 <u>Rippee</u>, 408 F. Supp. 2d at 984.  Defendant simply
27 disregards the other damages asserted by Plaintiff.
28

The removal statute is construed against removal jurisdiction to protect the jurisdiction of state courts. See Shamrock Oil & Gas Corp., 313 U.S. at 108-09. Any doubt concerning removal jurisdiction is construed against the removing party. Gaus, 980 F.2d at 566. Because the Complaint was filed on February 18, 2014 and Defendant failed to remove the case until June 3, 2014, the removal was untimely under 28 U.S.C. § 1446(b)(1). On this basis, the Court **GRANTS** Plaintiff's Motion to Remand.

**C.** **Alternatively, Defendant's Removal Was Untimely Under 28 U.S.C. § 1446(b)(3)**

Plaintiff also asserts that Defendant's Removal on June 3, 2014 was untimely under 28 U.S.C. § 1446(b)(3) because his discovery requests, sent to Defendant on April 22, 2014, made it apparent that the amount in controversy had been met.

If an initial pleading does not make it clear that the amount in controversy exceeds $75,000, the second thirty-day removal period may be triggered after a defendant receives a copy of an amended pleading, motion, order, or other paper indicating that the case is removable. 28 U.S.C. § 1446(b)(3). "Other paper" under 28 U.S.C. § 1446(b)(3) has been interpreted broadly to include documents generated within the state court litigation. Lillard v. Joint Med. Prods., No. C 94-3699, 1995 WL 20609, at *2 (N.D. Cal. Jan. 13, 1995) (citing Smith v. Int'l Harvester Co., 621 F. Supp.

14

1005, 1009 (D. Nev. 1985). The "other paper" must result from a voluntary act of a plaintiff which gives a defendant notice of the changed circumstances which support federal jurisdiction. Owen v. L'Occitane, Inc., No. CV 12-09841, 2013 WL 941967, at *8 (C.D. Cal. Mar. 8, 2013). This includes reply briefs, responses to interrogatories, and deposition questions. Carvalho, 629 F.3d at 887 (citing Durham, 445 F.3d at 1251); see also Eyak Native Vill. v. Exxon Corp., 25 F.3d 773, 779 (9th Cir. 1994). Discovery requests submitted by a plaintiff may also constitute "other paper" under 28 U.S.C. 1446(b). DeJohn v. AT&T Corp., No. CV 10-07107, 2011 WL 9105, at *2 (C.D. Cal. Jan. 3, 2011) ("all 'formal discovery,' including a 'deposition, interrogatory, or request for admission' meets the definition of 'other paper'").

A defendant is not required to speculate facts that support removal jurisdiction. Jong v. Gen. Motors Corp., 359 F. Supp. 223, 226 (N.D. Cal. 1973); see also Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). However, a defendant is required to apply a reasonable amount of intelligence in ascertaining removability. Kuxhausen, 707 F.3d at 1140. In Bea v. Encompass Ins. Co., No. 13-CV-00008-JLQ, 2013 WL 1747910, at *2 (N.D. Cal. Apr. 23, 2013), a plaintiff's settlement letter sent to a defendant triggered the second thirty-day removal period because the letter indicated an estimate of the amount in

controversy, which allowed the defendant to reasonably determine that the jurisdictional minimum had been reached. Similarly, in Mendoza, because a plaintiff's interrogatory responses provided a defendant with the amount of income he had received while he was employed by the defendant, the hours he had been working, and period of time in which he would be seeking lost benefits, it was apparent that the action exceeded the minimum jurisdictional amount. Mendoza, 2010 WL 5376375, at *4.

On balance, the Court finds that the Special Interrogatories, Request for Production of Documents, and Form Interrogatories, served by Plaintiff on April 22, 2014, constitute "other paper" under 28 U.S.C. § 1446(b)(3) and triggered the thirty-day removal period. While these documents did not list a specific amount in controversy, Plaintiff included an exhibit, which indicated Defendant's estimate of Plaintiff's total compensation value for 2013 as $135,000. Ames Decl. ¶ 4. Similar to Mendoza, in which the plaintiff's interrogatory responses were sufficient to trigger the second thirty-day removal period because they informed the defendant of the amount of income the plaintiff received and the period of time he experienced lost benefits, here, the exhibit was sufficient to alert Defendant of Plaintiff's back-pay damages. All that Defendant had to do was multiply Plaintiff's lost wages by the number of months since his termination and then

factor in punitive damages, attorney's fees, damages for emotional pain and suffering, and front pay.

Thus, Plaintiff's discovery requests constitute "other paper" under 28 U.S.C. § 1446(b)(3) and made it intelligently ascertainable that the amount in controversy likely exceeded $75,000. Because Defendant received these requests on April 23, 2014 and removed over thirty days later, on June 3, 2014, the Court finds that the removal was untimely and **GRANTS** Plaintiff's Motion to Remand.

### IV. CONCLUSION

For the foregoing reasons the Court **GRANTS** Plaintiff's Motion to Remand to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

DATED: August 1, 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge